*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00517-CR

Mark Allen Olague **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CR-5192
Honorable Sid L. Harle, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
   Rebecca Simmons, Justice
   Steven C. Hilbig, Justice

Delivered and Filed:  February 4, 2009

AFFIRMED

Mark Allen Olague Johnson was convicted of murder and sentenced to forty years imprisonment. On appeal, he claims that he was denied effective assistance of counsel. We affirm.

On March 30, 2006, Johnson and the decedent, Nick Villarreal, walked down into a drainage ditch to settle their differences over Monica Olague, Johnson's wife and Villarreal's lover. Olague, a prostitute and heroin addict, waited on top of the bridge. After the fight, Villarreal died from stab

wounds. At trial, the defense's theories of the case were that Johnson killed Villarreal in self defense and that he was "set up" by his wife, Olague, and her lover, Villarreal.

Johnson claims that his trial counsel was ineffective for failing to move to suppress two statements he made to police. We measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). The appellant must first show that his attorney's performance was deficient, i.e., that his assistance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Second, assuming the appellant has demonstrated deficient assistance, it is necessary to affirmatively prove prejudice. *Id.* An appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and we look to the totality of the representation and the particular circumstances of each in evaluating the effectiveness of counsel. *Id.* When reviewing a claim of ineffective assistance of counsel, we must be highly deferential to trial counsel and avoid "deleterious effects of hindsight." *Id.* There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Further, the assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Id.* at 813. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.* Here, the record reflects that although he filed a motion to suppress, trial counsel decided not to urge the motion because he believed Johnson's statements were, in part, helpful to the defense. Given that the defense's theories were that Johnson killed Villarreal in self defense and

that he was "set up" by his wife and Villarreal, counsel's decision appears to be reasonable trial strategy.

Further, we note that the record does not reflect which parts of the statements Johnson made to the police trial counsel believed to be helpful. Thus, we cannot know the full reasons behind trial counsel's decision to waive the motion to suppress and must presume that counsel's conduct fell within the wide range of reasonable professional assistance. *See id.*; *see also Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) ("Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional.").

We affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish